UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-11566-RGK-MAR                           Date:  February 5, 2026

Title:    *Jarris Silagi v. The People of the State of California*

Present:  The Honorable:    MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED**

**I.**
**INTRODUCTION**

On November 24, 2025, Petitioner Jarris Silagi ("Petitioner"), proceeding pro se, constructively filed[1] a document entitled, "28 U.S.C.A [section] 2255 Actual Innocence."  ECF Docket No. ("Dkt.") 1.  The clerk construed this filing as an attempt to file a habeas petition under 28 U.S.C. section 2254.  The Court has screened the Petition pursuant to Habeas Rule 4.  This preliminary review revealed defects in the Petition that warrant dismissal.  Accordingly, Petitioner is **ORDERED** to show cause why the Petition should not be dismissed.

**II.**
**BACKGROUND**

Petitioner alleges that in 2013 he was convicted of "[section] 664/211 2nd degree, in the Superior Court of California" despite proclaiming his innocence.  Dkt. 1 at 1.  His public defender "made a 1118 motion to dismiss base[d] on insufficient evidence" which the court denied.  Id. at 2. Petitioner alleges his appellate attorney did not raise the issue of insufficient evidence on appeal, despite Petitioner's requests that the issue be raised.  Id.  Petitioner also indicates that the California Court of Appeal denied his direct appeal.  Id. at 3.  Petitioner filed a writ of certiorari in the Supreme Court, which was denied.  Id. at 4.

///
///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-11566-RGK-MAR                           Date:  February 5, 2026

Title:   *Jarris Silagi v. The People of the State of California*

### III.
### DISCUSSION

**A.    28 U.S.C. § 2255 MOTION**

**1.    Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court."  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

**2.    Analysis**

Here, Petitioner titles the Petition as a section 2255 "actual innocence" claim, however Petitioner was sentenced by the Superior Court of California, and thus does not appear to be a "federal prisoner" eligible for relief under section 2255.  Bailey v. Hill, 599 F.3d 976, 983 n.3 (9th Cir. 2010) ("[section] 2254(a) refers to claims that the petitioner is "in custody pursuant to the judgment of a State court ... in violation of [federal law]" whereas [section] 2255(a) refers to claims that the federal prisoner has "the right to be released upon the ground that the sentence was imposed in violation of [federal law].") (emphasis added).  Therefore, the Court construes the Petition as pursuant to section 2254.

**B.    THE PETITION APPEARS UNTIMELY**

**1.    The Petition was filed after AEDPA's one-year limitations period**

**a.    Applicable law**

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court."  Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11566-RGK-MAR                                    Date:  February 5, 2026

Title:       *Jarris Silagi v. The People of the State of California*

### b.      Analysis

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1.  Therefore, the requirements for habeas relief set forth in AEDPA apply.  Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Based on the limited information provided in the Petition, it appears that Petitioner's conviction likely became final in 2014, after his writ of certiorari was denied.  See Petition at 4; see also People v. Silagi, No. B248087, 2014 WL 2001030 (Cal. Ct. App. May 16, 2014), cert denied, Jarris Jay Silagi v. California, No. S219562 (2014).  AEDPA's one-year limitations period would therefore have expired sometime in 2015.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on November 24, 2025.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely by ten years under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.

### 2.      Petitioner is not entitled to a later trigger date

### a.      Applicable law

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-11566-RGK-MAR                                    Date:  February 5, 2026

Title:   *Jarris Silagi v. The People of the State of California*

### b.   Analysis

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).

### 3.   Statutory tolling does not render the Petition timely

#### a.   Applicable law

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits."  King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

#### b.   Analysis

Here, even assuming that the statute of limitations was subject to statutory tolling while applications for post-conviction review were pending, Petitioner would not be entitled to longer than one year of statutory tolling since he was convicted in 2013 and his writ of certiorari was denied in 2014.  Therefore, AEDPA's one-year statute of limitations, including any applicable statutory tolling, expired in 2015 or 2016, approximately ten years before Petitioner filed this habeas petition. See 28 U.S.C. § 2244(d)(1).

### 4.   Equitable tolling does not render the Petition timely

#### a.   Applicable law

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'"  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:25-cv-11566-RGK-MAR                                         Date:  February 5, 2026

Title:  *Jarris Silagi v. The People of the State of California*


          **b.**      **Analysis**

Here, Petitioner does not explicitly claim entitlement to equitable tolling and the Court has not found any obvious basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.  Accordingly, to the extent Petitioner intended to file a federal habeas petition, it appears untimely.

**C.**      **THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM**

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of state law.  Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).  Furthermore, the "in custody" requirement is jurisdictional.  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).

Here, Petitioner cites no constitutional right or federal law in explaining his claim.  Furthermore, according to the court in People v. Silagi, 2014 WL 2001030, at *1, Petitioner was sentenced to five years in prison in 2014 or 2015.  Thus, it appears Petitioner has likely been released from custody, which raises another jurisdictional issue.

Ultimately, the Petition appears subject to dismissal because it appears untimely and the Court appears to lack jurisdiction.  The Court will not recommend dismissal of the Petition, however, without giving Petitioner an opportunity to explain or amend his Petition.

**IV.**

**ORDER**

Thus, the Court ORDERS Petitioner to respond **no later than February 28, 2026,** by electing one of the following options:

    1.    File a supplemental statement addressing why the Petition should not be dismissed; or

    2.    Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached A Notice of Dismissal form.**

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-11566-RGK-MAR                                        Date:  February 5, 2026

Title:     *Jarris Silagi v. The People of the State of California*

In addition, given the lack of clarity in the Petition, Petitioner may wish to file an amended petition with more detail about his claims.  **The Clerk is instructed to mail Petitioner a copy of the habeas petition form along with this order, which Petitioner is encouraged to use**.  If Petitioner **fails to respond by February 28, 2026**, the Court may recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |